**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| PATRICK R. WASHINGTON and<br>FELICIA R. WASHINGTON,<br><br>　　　　Appellants,<br><br>v.<br><br>JANNA L. COUNTRYMAN,<br>CHAPTER 13 TRUSTEE<br><br>　　　　Appellee. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CASE NO. 4:04cv253<br><br>Appeal from U.S. Bankruptcy<br>Court, Eastern District of Texas,<br>Sherman Division, No. 03-43611 |

**ORDER AFFIRMING BANKRUPTCY COURT'S**

**<u>MODIFICATION OF CHAPTER 13 PLAN</u>**

Now before the Court is Appellants Patrick R. Washington and Felicia R. Washington's ("Debtor-Appellants") Appeal of the Bankruptcy Court's Modification of Debtor-Appellants' Chapter 13 plan. Debtor-Appellants contend that the receipt of an income tax refund was insufficient to justify a modification of the plan under 11 U.S.C. § 1329. Appellee Janna L. Countryman, the Chapter 13 Trustee, contends that the modification was within the Bankruptcy Court's discretion because there were sufficient facts to show that there had been a substantial and unanticipated change in the Debtor-Appellants' financial circumstances. Having reviewed the record and the applicable authorities, the court affirms the Bankruptcy Court's modification of Debtor-Appellants' Chapter 13 plan.

1

## FACTS

Debtor-Appellants filed their Chapter 13 bankruptcy petition, case no. 03-43611 in the Bankruptcy Court of the Eastern District of Texas, on August 4, 2003. On February 26, 2004, the Bankruptcy Court entered an order confirming Debtor-Appellants' original Chapter 13 plan. The order required the Debtor-Appellants to "pay the sum of $830 per month for 58 months for a total of $48,140.00 to: Janna L. Countryman, 500 N. Central Expressway, Suite 350, Plano, Texas 75074 beginning September 4, 2003 and continuing until all of the allowed claims provided for under the Plan have been paid in accordance with the terms of the Plan, of this Order, or until further order of the Court."

After the order was entered, Debtor-Appellants received a 2003 income tax refund in the amount of $7,052. On April 8, 2004, the Trustee (Appellee here) filed a motion to modify the plan to include the income tax refund. Debtor-Appellants filed an objection to the motion to modify.

On May 25, 2004, after having held an evidentiary hearing on the modification issue, the Bankruptcy Court approved the motion to modify plan to include the income tax refund. In modifying the original plan, the order required Debtor-Appellant to "pay the sum of $830 per month for 58 months, ***plus application of the Debtors' 2003 income tax refund of $6,222.00 upon entry of this Order***, for a total of $54,362.00 to: Janna L. Countryman, Standing Chapter 13 Trustee, payable in Plano, Collin County, Texas, beginning the 4th day of September, until all of the allowed claims provided for under the Plan have been paid in accordance with the terms of the Plan, of this Order, or until further order of the Court." (emphasis added). Debtor-Appellants now seek review of this order.[1]

---

[1] There is no explanation in the record as to why this figure is $6,222, rather than, $7,052, the full amount of the tax refund.

## STANDARD OF REVIEW

Debtor-Appellants seek review of the Bankruptcy Court's order modifying the Chapter 13 plan. Bankruptcy Rule 8013 sets forth the standard of review of orders and judgments issued by the bankruptcy courts. Rule 8013 provides:

> On an appeal, the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless *clearly erroneous*, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. FED. R. B. P. 8013.

Therefore, the factual findings of a bankruptcy court will only be reversed or modified by a district court if they are clearly erroneous. However, unlike factual findings, a district court reviews a bankruptcy court's legal conclusions *de novo*. *Matter of Foster Mortgage Corp.,* 68 F.3d 914, 917 (5th Cir. 1995). And, a finding of fact premised on an improper legal standard or on a proper legal standard improperly applied "loses the insulation of the clearly erroneous rule." *Matter of Missionary Baptist Found. of America,* 818 F.2d 1135, 1142 (5th Cir. 1987) (citations omitted).

Here, Debtor-Appellants have couched their challenge as a challenge to the legal conclusions of the Bankruptcy Court, while the Trustee frames the issue as a factual one, seeking the lower standard of review. The court finds that both standards must be applied to resolve the issue presented by Debtor-Appellants in the underlying appeal.

## ANALYSIS

The issue, as presented by Debtor-Appellants, is whether 11 U.S.C. § 1329 allows a trustee to file a modification to a Chapter 13 plan to include a tax refund when the issue was not litigated during the original confirmation of the plan. As noted above, this is a legal conclusion, requiring a *de novo* review by this court. Having conducted a *de novo* review of the relevant authorities, the

court finds that Chapter 13 permits such a modification.

Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301, *et seq.,* permits wage-earning debtors to reorganize with a repayment plan as an alternative to seeking a complete discharge of debts through the Chapter 7 bankruptcy liquidation process. *In re Meza*, 467 F.3d 874, 877 (5th Cir. 2006). Under the statute, a Chapter 13 plan, once confirmed, is binding on all parties. 11 U.S.C. § 1327(a). Under 11 U.S.C. § 1329, however, the plan may be modified by either the debtor, trustee, or an unsecured creditor. Section 1329 states:

> (a) *At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim,* to –
>
> > (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> > (2) extend or reduce the time for such payments; or
> > (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.
>
> (b)     (1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.
> (2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved. 11 U.S.C. § 1329 (2004) (emphasis added).[2]

Here, the Trustee sought to use the income tax refund to increase the amount of payments to the Debtor-Appellants' creditors pursuant to 11 U.S.C. § 1329(a)(1).

Debtor-Appellants argue that the doctrine of *res judicata* prevented the modification because, when the original plan was confirmed, they disclosed to the Trustee and all of the creditors that a

---

[2] The 2005 amendment to 11 U.S.C. §1329, made after this appeal was perfected, added another basis for modification (pertaining to the purchase of health care insurance for Debtor or a dependent of Debtor) of a confirmed plan. This amendment is of no effect here.

portion of their income would be withheld by a taxing authority to pay for their tax liability. According to the Debtor-Appellants, "[t]he Trustee and all unsecured creditors knew or should have known that any money refunded to the Debtor would constitute disposable income." *See* Appellants' Brief at 10. Debtor-Appellants argue that neither the Trustee nor the unsecured creditors filed an objection to this at the time of the original confirmation and that the issue of disposable income was litigated at that time and could not be re-litigated by the Trustee's request for modification.

This court finds the Debtor-Appellants' argument unconvincing. The fact that the issue of income taxes was not litigated at the time of confirmation is of no import. Indeed, this is the very purpose of Section 1329. According to the legislative history of the statute, "[s]ince plans are confirmed on the basis of future disposable income of the debtor, any subsequent change in the debtor's income, either an increase or a reduction, during the term of the plan will result in an excessive or inadequate commitment of his disposable income under the plan." *Barbosa v. Soloman*, 235 F. 3d 31, 40 n.15 (1st Cir. 2000) (citing testimony during Congressional hearings regarding modification of Chapter 13 plans). "Modification is based on the premise that, during the life of the plan, circumstances may change, and parties should have the ability to modify the plan accordingly." *In re Meza*, 467 F.3d at 877.

The burden is not, as Debtor-Appellants suggest, on the Trustee, the creditors, or the bankruptcy court to divine that debtors will be receiving a substantial income tax return merely by virtue of the fact that the debtors project their disposable income when the original plan is confirmed, as required by 11 U.S.C. §1325.

Moreover, although they make arguments to this effect in their briefing, there is no evidence before this court that the Debtor-Appellants disclosed that a portion of their disposable income

would be withheld and that any funds in excess of their tax liability would be refunded to them. This is one key difference between their case and the unpublished *Caudle* opinion relied upon by Debtor-Appellants and attached to their briefing. *In re Caudle*, case no. 00-10202 (Bankr. E.D. Tex. Beaumont Division 2002). In that case (which, the court notes, is in no way binding precedent here), it appears that evidence was presented to the bankruptcy court that tax withholdings and refunds were discussed with the trustee prior to the original confirmation and that the trustee expressly decided not to include them in the original plan. There is no such evidence here. Indeed, all the record reflects is that the Debtor-Appellants were as equally surprised by the receipt of a tax refund– especially such a substantial one– as the Trustee. Further, even if there were evidence that the issue of tax refunds was discussed at the time of the original confirmation, this does not, as a matter of law, bar the Trustee from seeking modification on this basis (although the court agrees it could be a factor in the bankruptcy court's decision as to whether to grant a trustee's request to modify). The court finds that, as long as the payments under the plan have not yet been completed, the plain language of 11 U.S.C § 1329 allows for the modification of the plan.

The issuance of an income tax return to a debtor who is making payments under a plan is clear grounds to seek modification under Section 1329. *See In re Meza*, 467 F.3d 874, 878 (5th Cir. 2006); *see also Educ. Assistance Corp. v. Zellner*, 827 F.2d 1222, 1223 (8th Cir. 1987) (income tax refunds and salary increases can be considered later in request for modification). In *In re Meza*, the bankruptcy court refused to modify a Chapter 13 plan after the debtors received income tax payments because the bankruptcy court found that the request for modification was untimely. On appeal, the Fifth Circuit found that the request for modification was made timely and that "the bankruptcy court should have considered Trustee's proposed modification on its merits." *Id.* at 880. If the post-

confirmation issuance of income tax refunds could not be, as a matter of law, a grounds for modification of the plan under 11 U.S.C. §1329, then the Fifth Circuit would not have remanded the request for modification for a decision on the merits. Thus, the 2003 income tax refund issued to Debtor-Appellants here was sufficient grounds for the Trustee to seek modification of the original plan under Section 1329.

Having determined that the Bankruptcy Court applied a standard for modification that satisfies the legal standard in this circuit, this court now turns to whether the Bankruptcy Court's decision to modify the original plan was clearly erroneous under the facts presented. This court finds it was not.

As indicated by the record here, the amount of the income tax refund was apparently more than 35 times the amount to be paid to the Debtor-Appellants' unsecured creditors under the original plan. Moreover, at the modification hearing before the Bankruptcy Court, Patrick Washington testified that the Debtor-Appellants had not prepared their 2003 tax return when the plan was originally confirmed, and that at the time of the original confirmation he did not know what the refund would be or if he would even get one for that tax year.

The Code allows for modification at any time before payments are completed. *See* 11 U.S.C. § 1329(a). Here, payments had not been completed, and Debtor-Appellants had more than four years of monthly payments remaining when they were issued this sizeable income tax refund. The Bankruptcy Court did not err in finding that this change in circumstances justified modification of the Plan.

The court notes that, in this case, the Bankruptcy Court found that the tax refund constituted a substantial and unanticipated change in the Debtor-Appellants' circumstances. However, the

Bankruptcy Court was not even required to apply this heightened standard to determine that a modification was warranted in Debtor-Appellants' case. Since the filing of this appeal, the Fifth Circuit has confirmed that a showing of substantially changed circumstances is not a prerequisite to plan modification. *In re Meza*, 467 F.3d at 878. Therefore, it was not necessary for the Trustee here to show that the tax refund constituted a substantial and unanticipated change in the Debtor-Appellants' circumstances in order to request a modification under Section 1329. *Id.* The fact that the Bankruptcy Court applied a heightened standard here, at a time when there was no guiding precedent in the Fifth Circuit, could only have served to benefit Debtor-Appellants.

For these reasons, the court finds that the Bankruptcy Court did not err in modifying the Debtor-Appellants' Chapter 13 plan and affirms the Bankruptcy Court's order modifying the plan.

**SO ORDERED.**

**SIGNED this the 28th day of September, 2007.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE